### ADMINISTRATORS NOT SUBJECT TO GARNISHEE PROCESS.

Probate Court of Cuyahoga County.

IN RE ESTATE OF CARL HELLER,

Decided, August 11, 1910.

*Attachment and Garnishment—Construction of the Statute Relating to the Effect of Service of Garnishee Process Upon a Public Officer.*

The executor or administrator of the estate of a decedent can not be held as garnishee before the filing of a final account in an action brought by a creditor of a creditor of the estate.

*E. J. Thobaben,* for administrator.

*H. C. Mason,* for exceptors.

HADDEN, J.

Exceptions to account.

In the partial account of the administrator, filed June 24, 1910, appears this item of disbursement: "May 31, 1910. To Sidney Rose, M. Helper, $190." To this item, the Florsheim Shoe Company files an exception, claiming that it recovered a judgment against said Helper, on the 17th day of June, 1909, and thereafter and before May 31, 1910, it instituted a proceeding before a justice of the peace, on said judgment, naming the administrator of this estate as garnishee, and procured an order in aid of execution against said administrator, by the terms of which the administrator was ordered to pay to the exceptor the amount of its judgment. It is further averred that after that time, Helper assigned his claim against said estate to Rose, and that the two colluded with the administrator with intent to prevent the exceptor from realizing upon its claim, and that he paid the amount to Rose, although the estate is confessedly insolvent.

The administrator meets the exception with the proposition that an administrator as such can not be garnisheed or proceeded against in any proceeding of that nature in this state.

"It seems to have been well settled that an executor or administrator could not be garnisheed at common law, either with reference to a debt of the deceased or a debt of a legatee or distributee, previous to the settlement of the estate and judicial direction for a distribution, for the reason that the estate was then in the custody of the law, and the representative having it in hand could not be regarded as indebted either to the creditor or the legatee or distributee." (47 Lawyers' Reports Annotated, page 365.)

This principle is recognized in the case of *Dawson* v. *Holcomb*, 1 Ohio Reports, page 275. In that case, a sheriff holding money realized on execution, paid the same out on a writ of garnishment, and the judgment creditor filed a motion to amerce him. In holding that he could not be garnisheed, the court, on page 276, uses this language:

"While the money remains in the hands of the officer, it is in the custody of the law. It does not become the property of the

judgment creditor until it is paid over, and consequently is not liable to be attached as his. The writ of attachment could not supersede the execution or release the sheriff from a literal compliance with its commands, which required him to bring the money into court, so that it might be subject to their order.''

This case is cited in the case of *Arbaugh* v. *Myers,* 8 Ohio Decisions, Reprint, page 617, in a carefully prepared opinion by the Court of Common Pleas of Pickaway County, in 1883. After citing Section 5530 of the Revised Statutes, which provides that when the plaintiff makes oath in writing, that he believes that any person or corporation has property of the defendant, he shall leave with such garnishee a copy of the order of attachment, etc., the court calls attention to the expression ''any person,'' and to the fact that it makes no exception, and inquires: ''Why should the court, by a sort of judicial legislation, interpolate the words, 'except a guardian or administrator' after the words 'any person'?'' · It then refers to Section 5531, which provides that the service of process on a sheriff, coroner, clerk, constable, master commissioner, marshal of a municipal corporation, or other officer having in his possession any money, claim or other property of the defendant, shall bind the same from the time of such service, and shall be a legal excuse to such officer for not paying over the money to the defendant. These sections of the statute, passed March 17, 1856, and after the decision was rendered in the case of *Dawson* v. *Holcomb,* seemed to the Common Pleas Court of Pickaway County to render all persons, whether natural, artificial or official, subject to garnishment; and the court asks with a good deal of force, ''If by express words of the statute, all private persons, all creditors, and all public officers, are liable to garnishment, on what principle should guardians and administrators be exempt?''

If the adjudications ended here, we should yield to the force of this reasoning, and be glad to follow this precedent; but in 1905, the Supreme Court had before it, in the case of *Orlopp* v. *Scheuller,* 72 O. S., 41, a state of facts presenting questions on which it lays down two propositions of law, either one of which was decisive of the case before it. The first is as follows:

"Property or money held by the executor or administrator of an estate in his representative capacity, can not be reached by attachment or garnishee process in an action against an heir or legatee, before an order of distribution has been made."

In this case, it appeared that no order of distribution had been made at the time process was served, and therefore that proposition would seem to be decisive in the case; but the court went further, and held in the second paragraph of the syllabus, the following:

"The provisions of Section 5531, Revised Statutes, neither apply to nor authorize the service of process of garnishment on an executor or administrator."

The court in its opinion, page 58, uses this language:

"It will be observed that this statute does not mention executors and administrators, nor does it in terms provide or prescribe who may be served with garnishee process. It undertakes only as stated in its title, to define the effect of service of the process of garnishment upon public officers. Therefore, to give to this section the construction and interpretation placed upon it by the circuit court is, we think, to thereby unduly extend its scope, and give to it a potential effect neither warranted by its purpose and provisions, nor intended by the Legislature. Whether executors and administrators can in any proper sense be regarded as officers, may well be doubted. Obviously, they are not *public* officers, as are all those who are specifically named in Section 5531, and the obligations and duties devolving upon them in their representative capacity, are wholly dissimilar and unlike the duties to be performed by the officers so named and designated. But if it be conceded that executors and administrators fall within the designation 'other officer,' as found in said statute, it by no means follows that in an action against the heir or legatee, the executor or administrator may in advance of an order of distribution, and while the estate remains unsettled, be held and charged as garnishee in respect to property in his hands unadministered.

"When we consider then, that to give Section 5531 the force and effect claimed for it by counsel for defendant in error, and allowed to it by the circuit court, is to abrogate a well and firmly established rule of law, presumably known to the Legislature at

the time of the enactment of said section, we think we may well conclude that if the Legislature had intended thereby to provide for and authorize the attachment of, and to allow garnishee process to issue against executors and administrators, it would have named them in the statute, and would not have left its purpose and intention in that behalf to implication, or to be discovered only through the medium of judicial interpretation. The fact that the Legislature did not specifically name executors and administrators in Section 5531, or in apt language designate and describe them, clearly shows, we think, the absence of intention on its part to include them in its provisions.''

There is no escaping the conclusion that the Supreme Court held and intended to hold, that in the present condition of the statutes of Ohio, an executor or administrator can not be garnisheed at all or at any time. Now, while it is true this is not a case of an attempt to collect a claim against a legatee, but is an effort to collect a claim against a creditor of the estate, yet if the holding in the case from which we have quoted is to be taken according to its letter and its spirit, then the creditor of a creditor of an estate is as helpless as is the creditor of a legatee, because no process except that of garnishment would reach the fund belonging to the creditor of the estate, and the Supreme Court says that that process can not be served on an executor or administrator. No case in Ohio has been found by counsel or court, in which the right of a creditor of a creditor of an estate to garnishee an executor or administrator, has been passed upon. But I can not imagine the Supreme Court making a holding as to the right of such creditor of a creditor to garnishee, other than it has made as to the right of a creditor of an heir or legatee to garnishee.

This brings me to the conclusion that the exceptor has no standing in this court, and the exception must be overruled.